*904 DISCIPLINARY PROCEEDINGS
ItPER curiam *.
Respondent, Frederick H. Kroenke, Jr. was formally charged with engaging in misconduct contrary to the Rules of Professional Conduct. Count I charged respondent with failing to complete the representation of his client; failing to promptly disburse the funds entrusted to him; failing to promptly account for or return the funds and with commingling and converting his client’s funds to his own use. The evidence shows respondent violated Rules 1.15(a) and (b), 1.16(d), and 8.4(a) and (c) of the Rules of Professional Conduct and Supreme Court Rule XIX, Rule 19, Section 28(A)(1). Respondent filed a Motion for Consent Discipline requesting he be suspended from the practice of law for a period of one year and one day with all of said suspension deferred, subject to completion of two years of supervised probation under the supervision of the Lawyers Assistance Program. Both the Disciplinary Counsel and the Disciplinary Board concurred with respondent’s proposed Consent Discipline.
In recommending a totally deferred suspension, the Disciplinary Board found the following mitigating circumstances. The incident occurred when respondent’s alcoholism was acute and had reached a crisis stage forcing him into recovery. According to the ABA Standards for Imposing Lawyer Sanctions, alcoholism is a mitigating factor when there is evidence the respondent suffered from chemical dependency that caused the misconduct. In this case, respondent’s alcoholism caused his misconduct and his recovery from chemical dependency is demonstrated by a meaningful and sustained period of successful rehabilitation (since 1990). The recurrence of misconduct is unlikely.
The other mitigating factors cited by the Disciplinary Board included the absence of a prior disciplinary record, personal or emotional problems, timely good faith effort to make | ¿restitution and rectify the consequences of misconduct, full and free disclosure with the Disciplinary Board, delay in disciplinary proceeding, and remorse also justify a deferred suspension. Additionally, the Disciplinary Board concluded that while respondent should not have resorted to self-help, he was owed a substantial amount of legal fees that were never paid by respondent’s client in this case. The respondent has accepted full responsibility for his actions. He made repeated efforts at restitution and actually made restitution in an amount exceeding the amount he converted.
*905 Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, it is the decision of the court that the Disciplinary Board’s recommendations be adopted.
Accordingly, it is ordered that Frederick H. Kroenke, Jr. be suspended from the practice of law for a period of one year and one day, with all of said suspension being deferred, subject to the completion of two (2) years of supervised probation according to the probation terms and conditions recommended by the Disciplinary Board. In the event Frederick H. Kroenke violates any of the conditions of probation or any of the Rules of Professional Conduct, Disciplinary Counsel may file a petition for revocation of probation which will result in suspension for the full one (1) year and one (1) day term or Frederick H. Kroenke, Jr. may be placed on disability/inactive status.
DEFERRED SUSPENSION ORDERED.
JOHNSON and BLEICH, JJ., dissent.

 CALOGERO, C.J., not on panel. See Rule IV, Part 2, § 3.